# CHARLESTON.

## ACCIDENT INS. CO. OF N. A. v. BAKER.

*(LUCAS, PRESIDENT, absent.)

Submitted January 16, 1891.—Decided January 31, 1891.

NEW TRIAL.

> Where no facts were proved to warrant the finding of the jury, nor any evidence tending to prove any of defendant's pleas, and judgment was given for defendant a debtor, who though summoned entered no appearance and made no defence, the verdict of the jury should have been set aside and a new trial ordered.

*Simms & Enslow* for plaintiff in error, cited 12 W. Va. 699.

No appearance for defendant in error.

HOLT, JUDGE:

This was an action of debt brought by the Accident Insurance Company, plaintiff below and appellant, against G. F. Brown, its agent, and R. H. Baker and L. W. Simpson, his sureties; in the Circuit Court of Cabell county, on the 1st day of November, 1884.

The company was doing business in this state, and defendant G. F. Brown was its agent. Brown, together with Baker and Simpson on the 8th day of August, 1882, executed to the Accident Insurance Company their bond in the penalty of two thousand dollars, conditioned, among other things, that Brown should justly and faithfully execute the duties of his office as general agent of the company; should render a just and true account of all moneys received or due, and to be paid to, for or on account of the said company, as often as requested; and that he should truly account for pay over and deliver to said company all money, security for moneys, books, papers, goods and effects, which might or ought to come into his hands as such general agent, whenever requested. Brown became indebted to his company in the sum of four hundred

*On account of illness.

eighty three dollars and eighty six cents, for which this suit was brought against him and his sureties.

The declaration was filed, and the summons was executed on all the defendants. Defendants Baker and Simpson appeared, and demurred, and plaintiff had leave to amend. Brown was served, but never appeared. Then said sureties filed a special plea of *non est factum.* Plaintiff demurred to this plea, and, the demurrer being sustained, defendant tendered four special pleas in writing, to the filing of which plaintiff objected; but the objection was overruled, and plaintiff replied generally thereto. At another time defendant's special plea No. 3 was on motion stricken out, and defendants tendered three several special pleas, Nos. 5, 6, and 7, to the filing of which plaintiff objected; and the court rejected plea No. 6, and permitted pleas Nos. 5 and 7 to be filed, and plaintiff excepted. Thereupon plaintiff replied generally to pleas Nos. 2, 4, 5, and 7, and issues were joined thereon. A jury was impanneled and sworn, who, after hearing the evidence, found a general verdict for the defendants. The plaintiff moved for a new trial, but the court overruled the motion, and gave judgment for defendants, and a bill of exceptions was tendered by plaintiff, signed by the judge, and made a part of the record. The evidence on behalf of plaintiff is certified, and not the facts; the evidence on behalf of defendants is given as facts proved.

What is called "Special Plea No. 1," which the jury was sworn to try, is the ordinary plea of *non est factum.* This was sworn to, and no objection to it can be sustained. But there was no evidence to sustain it. On the contrary, the fact certified on behalf of defendants show that the bond sued on was their deed.

Special plea No. 2 avers, in substance, that plaintiff received and accepted from defendant Brown two negotiable notes, each for the sum of five hundred dollars, in full settlement and satisfaction of said breaches of the condition of the alleged bond. This plea is good in substance, and not necessarily inconsistent with the plea of *non est factum,* and was filed by leave of the court.

Special plea No. 3 avers that defendants Baker and

Simpson were sureties of Brown in said alleged bond; that the agent Brown failed to discharge the duties prescribed in the condition of the bond; that plaintiff had knowledge of such failure, but did not notify the sureties thereof, but, on the contrary, wilfully concealed said matters from them, whereby defendants Baker and Simpson were released. This plea was inconsistent with the plea of *non est factum*, and, besides, was not good in substance, because, among other things, it does not allege that defendants had no knowledge of the default and misconduct of their co-defendant Brown; for if they had such knowledge they could, under the first and second sections of chapter 101, of the Code, have given plaintiff notice to bring suit for their agent's default, on pain of forfeiting its right to demand anything from them.

Special plea No. 4 avers that the alleged breaches of the condition of said bond were not committed by the said Brown as state-agent for plaintiff for the State of West Virginia. This plea seems to be founded on that part of the recital in the condition of the bond which says : "Whereas, the above-bound principal has been appointed agent for the Accident Insurance Company of North America for the State of West Virginia" *etc.* This special plea was intended, I suppose, as a plea that the condition of the bond was not broken, for, if it means anything, it amounts to that; but it is not sufficient as a plea of conditions not broken. Plaintiff, in assigning a breach of the condition of the bond, avers that on the 1st day of August, 1884, the said G. F. Brown, acting as such agent of said insurance company, and by virtue of the power granted by said appointment, above set forth, received four hundred eighty three dollars and eighty six cents. The said amount so received was due and payable to the plaintiff. That defendant Brown, nor his sureties, nor any one of them, ever paid said sum of four hundred eighty three dollars and eighty six cents *etc.* If he did not receive it as such agent, then the covenant was not broken, and the defence was admissible under that plea; but if the pleader wishes to furnish a substitute for that brief, broad, and time-honored plea, which, though not technically the general issue, is almost made so in practice,

he must be fuller, more explicit, and more definite in his averments. He must aver when, where, and in what capacity Brown did receive the four hundred eighty three dollars and eighty six cents, so that the court may see whether it was a matter outside his agency or not. This plea is vague and indefinite, and without any authority for its generality and brevity, such as is accorded by law to the general issues and should therefore have been rejected.

Special plea No. 5 avers, in substance, that on the——day of——, 1883, plaintiff and defendant Brown, as such agent, made a settlement of all matters in difference between plaintiff and said Brown as agent, and plaintiff then and there took and accepted of the said Brown certain choses in action, to wit, two checks for the sum of five hundred dollars, and for the sum of five hundred forty seven dollars and sixty one cents, respectively, in full settlement and satisfaction of any and all liabilities and matters of difference between plaintiff and said Brown, as such agent, and in full satisfaction of the matters in plaintiff's declaration mentioned. This is a good plea, and not inconsistent with the plea of *non est factum;* for, although such modes of payment are generally conditional, yet the parties may, if they see fit, make them absolute and unconditional, and so it is averred in this plea.

Special plea No. 6 avers the same as is averred in No. 5, adding that a conditional payment of the amount found due on said settlement, which is the same indebtedness in plaintiff's declaration mentioned, said checks so taken and payable at a future time were taken without the knowledge or consent of these defendants, on the bond sued on. This is not a good plea, because it is not made to appear how or why such provisional payment could not have been taken without the knowledge of the sureties; no special facts are averred to take it out of the general rule, or to show that damages were thereby sustained. This plea was bad, and should have been rejected.

Special plea No. 7 avers that on settlement *etc.*, as above, plaintiff took and accepted of defendant Brown certain negotiable instruments, to wit, two checks, one for five hundred dollars, payable on the 23d October, 1883, there-

after, and the other for five hundred forty seven dollars and sixty one cents, due and payable on 5th November, 1883, as the payment of said sum found due, which is the same indebtedness in plaintiff's declaration mentioned. This plea is the same in substance as pleas Nos. 2 and 5, with some variation, and the acceptance being averred to be in absolute, and not conditional, payment, which is the proper construction of the averments, the plea is good.

The jury were sworn to try all the issues made upon the pleas, and upon their oaths said: "We, the jury, find for the defendants"—a finding as general as it could have been. If this finding was on the plea of *non est factum*, it can not be sustained; for both Baker and Simpson say in their evidence that they executed the bond. It was therefore their deed beyond question. If it was based on special pleas Nos. 3, 4, or 6, it can not be sustained, because these pleas are defective in substance; if on pleas Nos. 2, 5, or 7, it can not be sustained, because the evidence clearly shows that the sum of four hundred eighty three dollars and eighty six cents never was paid to plaintiff, and there is not the slightest evidence tending to show that plaintiff ever agreed to take any check or note as an absolute and unconditional payment thereof. In fact, none of the pleas, even if good, are at all borne out by the evidence. They are all, except the plea of *non est factum* and plea No. 4, pleas in confession and avoidance, and the burden of proving them is on the defendants. In any event, a judgment in favor of defendant Brown was erroneous, for, though served with process, he made no appearance and no defence. Therefore the judgment of the Circuit Court in favor of defendants, and overruling plaintiff's motion to set aside the verdict and grant a new trial, must be reversed, said judgment set aside, and a new trial be granted the plaintiff.

Reversed.